**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Todd Raines,<br><br>               Plaintiff(s),<br><br>v.<br><br>Corrections Corporation of America, et al.,<br><br>               Defendant(s). | No. CV16-01478-PHX-DGC (DMF)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:**

This matter is before the Court on its own review. On September 16, 2016, the Court granted Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) and ordered Plaintiff to return service packets for Defendants Griego, McGuire, Alexander, Carlson, and Ferninno within 21 days of the filing of the Order (Doc. 11). Plaintiff was warned, "If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court)." (Doc. 11). On October 7, 2016, the date for Plaintiff's return of the service packets was extended to November 2, 2016 (Doc. 15).

On December 9, 2016, the Court had not received completed service packets from Plaintiff and ordered that on or before **December 23, 2016**, Plaintiff must either return to

the Court completed service packets for Defendants Griego, McGuire, Alexander, Carlson, and Ferninno (see Doc. 11) or show cause why this case should not be dismissed without prejudice for failure to comply with court orders pursuant to Fed.R.Civ.P. 41(b) (Doc. 17).

Plaintiff did not respond to the order to show cause or return any of the service packets. Accordingly,

**IT IS HEREBY RECOMMENDED that** Plaintiff's complaint be dismissed without prejudice for failure to comply with court orders pursuant to Fed.R.Civ.P. 41(b).

`This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

Dated this 28th day of December, 2016.

Honorable Deborah M. Fine
United States Magistrate Judge